24 C.C.P.A.(Patents)

## In re BROOKS et al.

### Patent Appeal No. 3805.

Court of Customs and Patent Appeals.

May 29, 1937.

J. F. Mothershead, of Washington, D. C. (E. R. Weisbender and Paul P. Stoutenburgh, both of Washington, D. C., of counsel), for appellants.

R. F. Whitehead, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

LENROOT, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office, affirming a decision of the examiner, rejecting claims 39 to 44, inclusive, of appellants' application. The involved claims are process claims; certain apparatus claims were allowed.

Claims 39, 41, and 42 are illustrative of the claims in issue and read as follows:

"39. Steps in the process of determining the humidity of a stream of air which con-

sist in obtaining the temperature of said air, maintaining an evaporating liquid at substantially adiabatic evaporation temperature with respect to the particular stream of air being tested and obtaining the evaporation temperature thereof for comparison with the temperature of said air."

"41. In the process of computing the vapor content of a gas from the respective temperatures of the gas and a liquid evaporating into said gas, the step of bringing the liquid supplied for evaporation to substantially adiabatic evaporation temperature with respect to the gas to be tested by evaporating a portion of said liquid supply into the gas prior to supplying said liquid for temperature measurement."

"42. In a system for determining the vapor content of a gas involving the transfer of a liquid into a gas by evaporation in which the temperature of said liquid is lowered, *the steps of cooling said liquid to substantially adiabatic evaporation temperature with respect to said gas, further cooling a portion of said liquid by gas circulation, and thereafter measuring the temperature of the further cooled liquid.*" (Italics ours.)

The references cited are:
Bristol et al., 1,586,351, May 25, 1926.
Irwin, 1,601,243, September 28, 1926.
Armstrong, 1,636,350, July 19, 1927.
Guthrie et al., 1,894,172, January 10, 1933.

The alleged invention is described by the Board of Appeals as follows: "This application relates to a psychrometer and appellants have devised an arrangement whereby wet fibrous material is caused to surround the wet bulb thermometer and the air passing over the perforated portion of the tube surrounded by the fibrous material will cause the water in the fibrous material to evaporate and thereby bring the water supplied to the wick of the wet bulb to substantially the evaporation temperature of the water as it passes in the form of vapor from the wick of the wet bulb into the air."

We find it unnecessary to describe the references for the reason that it is admitted that certain of the steps recited in the claims are disclosed in said references, while the examiner conceded that certain other alleged steps hereinafter discussed are not so disclosed.

In claim No. 39, which is illustrative also of claims 40, 43, and 44, the alleged step not disclosed by the references is that element reading "maintaining an evaporating liquid at substantially adiabatic evaporation temperature with respect to the particular stream of air being tested." The examiner stated that "this additional purported step did not define an act to be performed with sufficient particularity as required by the Revised Statutes, § 4888 [35 U.S.C.A. § 33]," and further stated as follows: " * * * This step did not define how an evaporation liquid was to be maintained at substantially adiabatic evaporation temperature with respect to the particular stream of air being tested. The definition of how an evaporation liquid is maintained at substantially adiabatic temperature with respect to the particular stream of air being tested is the gist or crux of the contribution of the applicants to the prior art. * * * *."

Upon this point the board stated: "As we understand the situation, experts in this art found it necessary to make allowance for the fact that the temperature of the liquid was not at its evaporating temperature, and we believe that it was obvious to them that if the liquid had been substantially at that temperature, the allowance would not have been necessary. Therefore, even if appellants are the first to discover a means for reaching this obviously desirable end, we do not consider that they are entitled to cover all ways of accomplishing it, no matter how remote they might be from that devised by them, and we therefore are of the opinion that the examiner was justified in rejecting the broad claims on appeal."

We are in accord with the conclusion reached by the Patent Office tribunals with respect to claims 39, 40, 43, and 44. We think the alleged step claimed to be novel merely states the result or effect of a step of a process not embraced in the claims. Appellants' invention, if any there be, consisted in the method of "maintaining an evaporating liquid at substantially adiabatic evaporation temperature with respect to the particular stream of air being tested." We agree with the board that the desirability of the result set out in the above-quoted element of claim 39 would be obvious, and the problem to be solved was how to secure this result. Upon this point claims 39, 40, 43, and 44 are silent.

It is well established that, "It is for the discovery or invention of some practicable method or means of producing a

beneficial result or effect, that a patent is granted, and not for the result or effect itself." Corning et al. v. Burden, 15 How. 252, 268, 14 L.Ed. 683. See, also, In re Caunt, 81 F.(2d) 405, 23 C.C.P.A. (Patents) 855; In re Marshall, 54 F.(2d) 421, 19 C.C.P.A. (Patents) 832.

■ To entitle appellants to a patent, their claims should embrace the steps by which the beneficial result is secured. Having failed to do so, claims 39, 40, 43, and 44 lack patentability for the reasons given by the examiner and the board.

With respect to claims 41 and 42, however, this omission is supplied, and the claims purport to set out the method by which the result is secured. In claim 41 it is stated that the result is secured "by evaporating a portion of said liquid supply into the gas prior to supplying said liquid for temperature measurement," and in claim 42 the same step is stated in different language.

With regard to these steps recited in claims 41 and 42, the examiner stated that, "Merely evaporating a portion of said liquid supply into the gas, per se, does not necessarily bring the liquid to substantially adiabatic evaporation temperature." Appellants' specification, however, does state that the quoted step will bring the liquid to substantially adiabatic evaporation temperature. There was also introduced into the record an affidavit by Brooks, one of the appellants, which states that the affiant conducted a number of tests and demonstrated, as we construe the affidavit, that the statement in appellants' specification upon this point is correct.

■ The Board of Appeals in its decision did not specifically discuss claims 41 and 42, and apparently assumed that there was no substantial distinction between these claims and claim 39, which it set out as illustrative of all the claims. Although there was a general affirmance of the decision of the examiner by the board, we are not convinced that the board did not inadvertently overlook the distinction between these claims and claim 39, and we are not disposed to accept the opinion of the examiner in the face of positive recitals in appellants' application, and in the face of the affidavit above referred. to. At least, there is sufficient doubt in our minds as to the correctness of the conclusion of the examiner upon this point to warrant the application of the rule that the doubt should be resolved in favor of the appellants. In this view of the case, claims 41 and 42 are patentable, for it is conceded that the steps here under consideration, recited in said claims, are not found or suggested in the references.

Being of the opinion that claims 41 and 42 do properly embrace steps of a true process in full compliance with section 4888 of the Revised Statutes, 35 U.S.C.A. § 33, and that such steps are not disclosed by the references, the decision of the Board of Appeals is reversed with respect to claims 41 and 42, and, for the reasons hereinbefore stated, it is affirmed as to claims 39, 40, 43, and 44.